```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
TRUSTEES FOR THE MASON TENDERS                             :
DISTRICT COUNCIL WELFARE FUND,                             :
PENSION FUND, ANNUITY FUND, AND                            :
TRAINING PROGRAM FUND, et al.,                             :
                                                           :    18-cv-5824 (VSB) (BCM)
                                      Petitioners,         :
                                                           :             ORDER
                    - against -                            :
                                                           :
SEAGULL SERVICE CORP., doing business                      :
as SEAGULL CONSTRUCTION SERVICES,                          :
                                                           :
                                      Respondent.          :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On June 27, 2018, Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund ("the Funds"), John J. Virga, in his capacity as Director, and Robert Bonanza, as Business Manager of the Mason Tenders District Council of Greater New York ("the Union") (together, "Petitioners") filed a petition for confirmation of an arbitration award ("Petition") issued against Respondent Seagull Service Corp., doing business as Seagull Construction Services ("Seagull"), pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185l. (Doc. 1.) The Petition sought confirmation of an arbitration award in the amount of $66,570.26, with "statutory interest to accrue from the date of the entry of judgment." (*Id*.) The Petition, together with a summons and related materials, was served on Seagull through the Secretary of State on July 24, 2018. (Doc. 7.) On August 16, 2018, Petitioners filed a declaration of Haluk Savci, Esq. in support of the Petition, (Doc. 10), as well as a memorandum of law, (Doc. 11.) The Savci declaration and memorandum of law were served on Seagull by certified mail, at its last known address, on

August 16, 2018. (Doc. 12.) Seagull has not opposed the Petition, requested additional time to oppose the Petition, or appeared in this action.

On February 25, 2019, I referred this case to Magistrate Judge Barbara Moses for a report and recommendation on the Petition. (Doc. 13.) On December 9, 2021, Magistrate Judge Moses issued her Report and Recommendation, recommending that the Petition to confirm the arbitration award be granted. (Doc. 17.) Magistrate Judge Moses specifically recommended confirming the Petition to award Petitioners $66,570.26, plus post-judgment interest, at the rate provided for by 28 U.S.C. § 1961, from the date of the entry of judgment until it is paid. (*Id.*) Neither Petitioners nor Seagull have filed an objection to the Report and Recommendation or requested additional time to respond.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, although the Report and Recommendation explicitly provided that "[t]he parties shall have fourteen days from this date to file written objections to the portion of this Opinion constituting a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)," (Doc. 17, at 9), neither party filed an objection or sought additional time to file an objection. I therefore reviewed Magistrate Judge Moses's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, found none.

Accordingly, I ADOPT the Report and Recommendation in its entirety. The Petition is granted and the arbitration award is confirmed. Petitioners are awarded $66,570.26, plus post-judgment interest, at the rate provided for by 28 U.S.C. § 1961, from the date of the entry of judgment until it is paid.

Petitioners shall serve a copy of this Order on Seagull by mail, at its last known address, or through the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of Seagull, and promptly file proof of such service on the docket.

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated: June 13, 2022
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge